# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re VEECO INSTRUMENTS, INC.
SECURITY LITIGATION

THIS DOCUMENT RELATES TO ALL ACTIONS

05 MD. 1695 (CM)(GAY)

----------------------------------------------------------------X

## DECISION AND ORDER

Before the Court are discovery disputes concerning the objections of the Lead Plaintiff to fifteen interrogatories issued by the Defendants in this action. The Court rules as follows:

A. <u>Interrogatories 1-3</u>

Interrogatory 1 seeks the identity of the persons identified in the complaint herein as CW1, CW2, and CW3. Interrogatories 2 and 3 requests Lead Plaintiff to identify other persons who provided Lead Plaintiff with information concerning the allegations in the complaint, and any documents provided by those persons. Lead Plaintiff asserts that the information sought by Defendants is protected by the work-product doctrine and Defendants have not demonstrated a substantial need for compelling discovery.

Defendants provided its Rule 26 disclosures on April 10, 2006 that included a list of persons whom Lead Plaintiff believed had knowledge of the allegations in the complaint. Lead Plaintiff has confirmed that the list included the names of CW1, CW2 and CW3. In re Initial Public Offering Sec. Litig., 220 F.R.D. 30 (S.D.N.Y. 2003), lends support to Lead Plaintiff's position that the identity of the three confidential witnesses set forth in the complaint filed by the Lead Plaintiff should be protected from

disclosure by the attorney work-product doctrine. In holding that the names of witnesses who allegedly entered into tie-in agreement were not protected by the work-product privilege, that court noted that "... plaintiffs have not provided a list of potential witnesses, let alone one that includes everyone required to enter into tie-in agreements." Id. at 36. The court emphasized that defendants were simply asking for the list of potential witnesses, "...not the subset of people interviewed by counsel." Id.

Here, as stated above, Lead Plaintiffs have long ago provided the list of witnesses who they believed had personal knowledge of the allegations in the complaint. Defendants essentially seek the identity of witnesses interviewed by counsel for the Lead Plaintiffs and relied upon in the preparation of the complaint. Such information would demonstrate which witnesses that Lead Plaintiff deems important and is protected from disclosure by the work-product privilege. The Court further finds that the fifty-five potential witnesses identified here by Lead Plaintiff as former officers, directors, and employees of Veeco was not an unmanageable number, particularly given the disclosure of the names on April 10, 2006. Moreover, the Court concludes that Defendants have not demonstrated a substantial need for the answers and given the extensive discovery in this case will not suffer an undue burden without the information sought.

Accordingly, Defendants' motion to compel responses to Interrogatory Nos. 1-3 is denied.

B. Interrogatory Nos 4-13

Lead Plaintiff objects to Interrogatory Nos. 4-13 as contention interrogatories that are premature. Defendants assert that said requests are not contention interrogatories

and, in any event, they would not be premature as the discovery deadline is January 31, 2007.

Local Rule 33.3(c) provides that at the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise. The Court concludes that said requests are not contention interrogatories. Accordingly, Lead Plaintiff is directed to respond to the interrogatories.

C. <u>Interrogatory Nos. 14-15</u>

Lead Plaintiff asserts that Interrogatory Nos. 14-15 relating to loss causation and damages are contention interrogatories or should be reserved for expert discovery. Local Rule 33.3(a) provides in part that interrogatories directed to "the computation of each category of damage alleged" are allowed at the commencement of discovery. As such, Lead Plaintiff is directed to respond to said interrogatories based on the information available to it. Lead Plaintiff may supplement said responses as they deem appropriate after expert discovery.

SO ORDERED:

Dated: January 26, 2007
White Plains, New York

_____
GEORGE A. YANTHIS  U.S.M.J.

3