UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

IN RE VEECO INSTRUMENTS INC.      :      05 MD 1695 (CM)(GAY)
SECURITIES LITIGATION          :
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

THIS DOCUMENT RELATES TO:     :
ALL ACTIONS                 :
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFF'S MOTION TO VACATE AND REVERSE THE DISCOVERY ORDER OF MAGISTRATE JUDGE GEORGE A. YANTHIS DATED JANUARY 24, 2007

# REDACTED

### (ORIGINAL NON-REDACTED VERSION FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER DATED MAY 16, 2006)

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

*Attorneys for Defendants Veeco*
*Instruments Inc., Edward H. Braun,*
*John F. Rein, Jr., John P. Kiernan*

February 21, 2007

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS.................................................................................... 3

ARGUMENT ................................................................................................. 6

I.     THE MAGISTRATE'S RULING IS NOT CLEARLY ERRONEOUS................. 6

     A.    The Legal Standard.................................................................. 6

     B.    Lead Plaintiff Mischaracterizes the Scope of Its Motion to
Compel ..................................................................................... 7

     C.    The Documents In Question Are Protected by the Work Product
Doctrine.................................................................................... 9

           1.    The Documents In Question Were Prepared in
Anticipation of Litigation .............................................9

           2.    Magistrate Yanthis's Factual Determinations Are
Entitled To Deference ................................................13

           3.    Lead Plaintiff's Attempt To Impugn the Evidence
that Magistrate Yanthis Relied On Is Scandalous
and Illogical ..............................................................16

           4.    The Court Should Ignore Arguments that Lead
Plaintiff Failed to Raise before Judge Yanthis ....................18

     D.    The Magistrate's Ruling that Lead Plaintiff Failed to Demonstrate
Substantial Need to Overcome the Work Product Privilege Was
Not Clearly Erroneous ............................................................. 20

     E.    Defendants Maintain That These Materials Are Protected By The
Attorney-Client Privilege......................................................... 23

CONCLUSION ............................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A.I.A. Holdings, S.A. v. Lehman Bros.,*
  2002 U.S. Dist. LEXIS 20107 (S.D.N.Y., Oct. 18, 2002)......................................................21, 23

*Allied Irish Banks v. Bank of America,*
  -- F. Supp. 2d --, 2007 WL 177870 (S.D.N.Y., Jan. 25, 2007)...............................................11, 12

*Cagle v. Cooper Cos.,*
  1996 WL 514864 (S.D.N.Y., Sept. 10, 1996)...............................................................................6

*Carter v. Cornell Univ.,*
  173 F.R.D. 92 (S.D.N.Y. 1997).................................................................................................23

*Cotz v. Mastroeni,*
  2006 WL 2642190 (S.D.N.Y. Sept. 13, 2006)........................................................................6, 16

*Dubin v. E.F. Hutton Group,*
  125 F.R.D. 372 (S.D.N.Y. 1989).................................................................................................6

*Eisai Ltd. v. Dr. Reddy's Laboratories, Inc.,*
  406 F. Supp.2d 341 (S.D.N.Y. 2005)...........................................................................................6

*Gen. Motors Corp. v. Villa Marin Chevrolet, Inc.,*
  240 F.Supp.2d 182 (E.D.N.Y. 2002) .........................................................................................19

*Goosman v. Pyle, Inc.,*
  320 F.2d 45 (4th Cir. 1963) .....................................................................................................19

*Gucci America, Inc. v. Exclusive Imports Int'l,*
  2002 WL 1870293 (S.D.N.Y. Aug. 13, 2002) ............................................................................20

*Harris v. Provident Life & Accident Ins. Co.,*
  198 F.R.D. 26 (N.D.N.Y. 2000) ................................................................................................16

*Holland v. Island Creek Corp.,*
  885 F. Supp. 4 (D.D.C. 1995).....................................................................................................6

*In re Circle K Corp.,*
  1997 U.S. Dist. LEXIS 713, at *20 (S.D.N.Y., Jan. 28, 1997)....................................................21

*In re Grand Jury Proceedings,*
  219 F.3d 175 (2d Cir. 2000) .....................................................................................................21

*In re Grand Jury Subpoena,*
  750 F.2d 223 (2d Cir. 1984) .....................................................................................................15

*In re Sealed Case,*
  676 F.2d 793 (D.C. Cir. 1982)...................................................................................................21

*Int'l Design Concepts v. Saks, Inc.,*
  2006 U.S. Dist. LEXIS 36695 (S.D.N.Y., June 5, 2006) ...............................................................9

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Kahn v. Gen. Motors Corp.*,
   1992 WL 28119 (S.D.N.Y., Feb. 11, 1992)........................................................20

*Kiobel v. Royal Dutch Petroleum Co.*,
   2005 U.S. Dist. LEXIS 16514 (S.D.N.Y. Aug. 11, 2005).........................................15

*Moss v. Enlarged City School Dist. of Amsterdam*,
   166 F. Supp.2d 668 (N.D.N.Y. 2001) ...................................................................6

*Pemrich v. Stracher*,
   1992 WL 697636 (N.D.N.Y., Mar. 27, 1992)........................................................6

*People v. Marin*,
   86 A.D.2d 40 (App. Div. 1982) ........................................................................21

*Purcell v. MWI Corp.*,
   238 F.R.D. 321 (D.D.C. 2006) .........................................................................6

*Ramsey v. NYP Holdings, Inc.*,
   2002 WL 1402055 (S.D.N.Y., June 27, 2002) ....................................................12

*S.E.C. v. Downe*,
   1994 WL 23141 (S.D.N.Y., Jan. 27, 1994)........................................................20

*S.E.C. v. Thrasher*,
   1995 WL 456402 (S.D.N.Y., Aug. 2, 1995).........................................................6

*Tribune Co. v. Purcigliotti*,
   1997 WL 10924 (S.D.N.Y., Jan. 10, 1997) (Katz, Mag.), *modified by*, 1998 WL 175933..........23

*Tribune Co. v. Purcigliotti*,
   1998 WL 175933 (S.D.N.Y. April 14, 1998).......................................................23

*U.S. Info. Sys. v. IBEW Local Union No. 3*,
   2002 U.S. Dist. LEXIS 17532 (S.D.N.Y. Sept. 17, 2002).......................................15

*United States v. Adlman*,
   134 F.3d 1194 (2d Cir. 1998) ....................................................................passim

*Upjohn Co. v. United States*,
   449 U.S. 383 (1980) .....................................................................................19

## Statutes

Fed. R. Civ. P. 26(b)(3) .................................................................................passim

Fed. R. Civ. P. 26(b)(5).....................................................................................15

Fed. R. Civ. P. 72(a) ..........................................................................................1

Defendants submit this opposition to Lead Plaintiff's motion pursuant to Fed. R. Civ. P. 72(a) to appeal Magistrate Judge Yanthis's discovery order dated January 24, 2007 (the "Order"), attached as Exhibit A to the Declaration of Phyllis Parker ("Parker Decl."). In the Order, Magistrate Yanthis denied Lead Plaintiff's motion to compel production of documents related to an internal investigation conducted by Veeco's outside counsel, Kaye Scholer LLP ("Kaye Scholer") and assisted by the Jefferson Wells forensic accounting firm.

## PRELIMINARY STATEMENT

Lead Plaintiff's motion is an exercise in mischaracterization of the law and distortion of the facts and procedural history leading up to this motion. Lead Plaintiff's original motion sought to compel production of documents relating to an internal investigation led by Veeco's outside counsel, Kaye Scholer, into potential accounting errors at Veeco's TurboDisc business division – nothing more and nothing less. Now, for the first time, Lead Plaintiff asserts that its motion also sought to compel production of a second category of documents relating to alleged internal control violations. *See* Plaintiff's Brief in Support of Motion to Vacate and Reverse Judge Yanthis's Discovery Order ("Pl. Br.") at 6-7. Lead Plaintiff never mentioned this second category of documents in the papers that it submitted to Magistrate Yanthis, and thus this Court should ignore that portion of Lead Plaintiff's Rule 72 motion.

In a misguided attempt to meet the "clearly erroneous or contrary to law" standard for overturning a magistrate's discovery order, Lead Plaintiff takes Magistrate Yanthis to task for various alleged legal errors, including misinterpreting the Second Circuit's decision in *Adlman* (*id.* at 14), failing to "consider whether there were any other reasons other than litigation for the creation of any of the documents" (*id.* at 3), and failing to conduct an *in camera* review (*id.* at 13). In fact, Lead Plaintiff is the one who mischaracterizes *Adlman*. The plain holding of *Adlman*, which Lead Plaintiff refuses to accept, is that documents created for a dual purpose (i.e. both a litigation and non-litigation purpose) are protected under the work product doctrine so long as they would not have

been created in substantially similar form absent the threat of litigation. There is no dispute about the standard, which Defendants' counsel described during the hearing before Magistrate Judge Yanthis. Parker Decl. Ex. G (January 11, 2006 Hearing Transcript ("Hearing Tr.")) at 15. Defendants offered compelling and non-conclusory evidence – including sworn statements from Veeco's CFO, John F. Rein, Jr., and Kaye Scholer partner, Rory Greiss – that supported Magistrate Yanthis's factual determination that the Kaye Scholer/Jefferson Wells materials were protected.

REDACTED

ᶥ

Lead Plaintiff's so-called evidence that, as in many such cases, these materials were created in part for non-litigation purpose – namely, to help ensure that Veeco's public disclosures and restated financials were accurate – is legally irrelevant under *Adlman* because "dual purpose" documents are entitled to protection under the work product doctrine.

REDACTED

*ee also* Hearing Tr. at 16. For the same reasons, Lead Plaintiff's incorrect argument that Magistrate Yanthis failed to consider whether the documents were created in part for some non-litigation purpose is also legally irrelevant.

The Court should ignore two additional incorrect arguments proffered by Lead Plaintiff, both of which appear for the first time in this motion. First, it argues that Magistrate Yanthis should have compelled production of the Kaye Scholer/Jefferson Wells materials because they were prepared in

2

order to meet SEC filing requirements.

**REDACTED**

. Lead Plaintiff never raised this argument

before Magistrate Yanthis.  Thus, the argument has been waived.  Similarly, Lead Plaintiff failed to

request that Magistrate Yanthis conduct an *in camera* review.  If Lead Plaintiff thought that *in*

*camera* review was necessary (which it most certainly was not), it should have requested that

Magistrate Yanthis make such a review.  It didn't even mention the issue in a lengthy oral argument

before the Magistrate on January 11, 2007.  Lead Plaintiff made a tactical decision to waive *in*

*camera* review, and must now live with it.

     Lastly, Lead Plaintiff does not have a substantial need for the Kaye Scholer/Jefferson Wells

materials.  As Magistrate Yanthis noted (*see* Order at 3),

**REDACTED**

Thus, any need for the Kaye Scholer/Jefferson Wells materials is minimal and

Lead Plaintiff makes no particularized showing as to what necessity there really is.  Furthermore, a

finding of substantial need is rarely, if ever, warranted where relevant witnesses are available and

ready to testify.

**REDACTED**

**STATEMENT OF FACTS**

     On August 21, 2006, Lead Plaintiff moved to compel documents created in the course of an

internal investigation of Veeco's TurboDisc division.  Specifically, Lead Plaintiff sought "all

3

reports, workpapers, interview notes, memoranda, correspondence, and any other documents, electronic or otherwise" generated by the outside counsel who coordinated the investigation, and by the forensic accountants who assisted them. *See* Parker Decl. Ex. C (Lead Plaintiff's Brief in Support of the Motion to Compel, dated Aug. 21, 2006 ("Pl. Aug. 21 Br.")) at 1.

**REDACTED**

In his decision dated January 24, 2007, Magistrate Yanthis properly concluded that materials created in connection with this investigation were protected work product under Rule 26(b)(3). Order at 3. In doing so, he ruled that the record showed that the documents were created because of anticipated litigation, would not have been prepared by Veeco in the ordinary course of business, and, absent the threat of litigation, would not have been prepared in a form substantially similar to

that prepared by Kaye Scholer and Jefferson Wells. Order at 3. In particular, Magistrate Yanthis

relied on the Declaration of Mr. Greiss, who, as Magistrate Yanthis noted, averred that:

> Kaye Scholer has served as outside securities counsel to Veeco Instruments, Inc.
> since 1993. After Veeco's internal auditing personnel discovered potentially
> erroneous or improper accounting transactions in Veeco's TurboDisc business
> division, members of Veeco's management contacted Greiss for the purpose of
> obtaining legal advice. Greiss believed that a financial restatement might be
> required, which Greiss expected would likely subject Veeco to litigation. Veeco
> authorized Kaye Scholer to conduct an internal investigation and to retain Jefferson
> Wells, a forensic accounting firm, to assist in the investigation. Greiss, and other
> members of Kaye Scholer, supervised and directed the work of Jefferson Wells, all of
> which was done for the purpose of assisting Kaye Scholer in providing legal advice
> to Veeco regarding its financial statements, past and future disclosures and possible
> litigation arising therefrom.
>
> *Id.* at 2.

In addition, Magistrate Yanthis relied on the Affidavit of Mr. Rein, who, the court noted,

averred that "the documents at issue were prepared because of the anticipated litigation and 'would

not have been prepared by Veeco in the ordinary course of business, nor would Veeco prepare work

in a form substantially similar to that prepared by Kaye Scholer or Jefferson Wells.'" *Id.* at 3.

Based on this evidence, Magistrate Yanthis concluded that the documents were protected under the

work product doctrine. *Id.*

Moreover, Magistrate Yanthis found that Lead Plaintiff had failed to demonstrate substantial

need because Defendants had already produced voluminous amounts of non-privileged accounting-

related documents on the various subject matters and during the same period covered by the

privileged documents. *Id.* In particular, Magistrate Yanthis found that:

> [D]efendants have already produced voluminous amounts of non-privileged
> accounting-related documents, including: documents prepared by Veeco's own
> financial professionals and internal and external auditors concerning TurboDisc's
> potentially improper accounting transactions; documents related to Veeco's internal
> audit of TurboDisc; documents reflecting Veeco's own investigation into
> TurboDisc's financial controls and the accuracy of its financial statements; and
> documents prepared by Veeco's financial professionals concerning the preparation of
> its financial restatement.
>
> *Id.*

5

## ARGUMENT

### I.     THE MAGISTRATE'S RULING IS NOT CLEARLY ERRONEOUS

#### A.     The Legal Standard

A party seeking to challenge a Magistrate's non-dispositive order faces a very heavy burden. It is inappropriate for a party to challenge a Magistrate's order absent demonstrably grievous error. "A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference and may not be disturbed by a district court absent a finding that the determination was 'clearly erroneous or contrary to law.'" *Cotz v. Mastroeni*, 2006 WL 2642190 (S.D.N.Y. Sept. 13, 2006) (quoting Fed. R. Civ. P. 72(a)); *see also Eisai Ltd. v. Dr. Reddy's Laboratories, Inc.,* 406 F. Supp.2d 341, 342 (S.D.N.Y. 2005); *Dubin v. E.F. Hutton Group,* 125 F.R.D. 372, 373 (S.D.N.Y. 1989). Indeed, "that 'reasonable minds may differ on the wisdom of granting [a party's] motion' does not mean that the decision is clearly erroneous or contrary to law." *Moss v. Enlarged City School Dist. of Amsterdam,* 166 F. Supp.2d 668, 669 (N.D.N.Y. 2001) (quoting *Pemrich v. Stracher*, 1992 WL 697636, at *1 (N.D.N.Y. Mar. 27, 1992) (upholding Magistrate's denial of plaintiff's motion for additional requests for admission); *see also Cagle v. Cooper Cos.*, 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996) (upholding Magistrate's decision to grant defendants' motion for change of venue). This is not the proper forum for parties who simply seek "a second bite at the juridical apple." *Purcell v. MWI Corp.*, 238 F.R.D. 321, 328 (D.D.C. 2006) (denying motion to compel production of privileged notes).[1]

---

[1] Indeed, cases Lead Plaintiff cites in articulating the Rule 72(a) standard illustrate just how heavy this burden is. *See, e.g., Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995) (finding Magistrate's decision "not clearly erroneous," despite fact that opinion "d[id] not offer a reasoned explanation for its decision"); *S.E.C. v. Thrasher*, 1995 WL 456402, at *13 (S.D.N.Y., Aug. 2, 1995) (refusing to overturn Magistrate's orders, finding that they were not "clearly erroneous" and were "within the Magistrate Judge's discretion").

Lead Plaintiff cannot come close to meeting this burden. In a misguided attempt to cast Magistrate Yanthis's decision as clearly erroneous or contrary to law, Lead Plaintiff: (1) grossly mischaracterizes the scope of the motion it originally presented to Magistrate Yanthis; (2) mischaracterizes the applicable law (in an entirely novel fashion that not only was not briefed below, but in fact completely contradicts Lead Plaintiff's arguments in front of Magistrate Yanthis); and (3) mischaracterizes the facts surrounding the creation of these materials, in a desperate attempt to impugn Defendants' witnesses.

## B. Lead Plaintiff Mischaracterizes the Scope of Its Motion to Compel

Lead Plaintiff improperly attempts to expand the scope of its original motion to compel to include all documents relating to internal controls. In its brief below, Lead Plaintiff stated that it was seeking:

> [A]ll reports, workpapers, interview notes, memoranda, correspondence, and any other documents, electronic or otherwise, created or prepared by Veeco, Jefferson Wells International, Inc. ("Jefferson Wells"), Veeco's outside counsel Kaye Scholer LLP ("Kaye Scholer"), Veeco's outside auditor Ernst & Young, LLP ("E&Y"), or anyone else in connection with the investigation of TurboDisc accounting and the restatement of Veeco's financials for the first, second and third quarters and first nine months of 2004, referenced in, *inter alia*, Veeco's February 11, 2005 and March 16, 2005 press releases . . . and as requested in Plaintiffs' First Request for Production of Documents Directed to All Defendants, at Requests [sic] Nos. 7-10 . . . (the "Requested Documents").

> Pl. Aug. 21 Br. at 1.

In other words, Lead Plaintiff sought documents relating to the internal investigation led by Veeco's outside counsel, Kaye Scholer. In this motion, however, Lead Plaintiff improperly attempts to expand the scope of the motion to include all documents relating to alleged internal controls at TurboDisc, which were not a subject of the motion below:

> In its Motion to Compel, Plaintiff sought two categories of documents . . . . First, Plaintiff sought the accounting documents, which were generated by the correction and adjustment of the accounting records to prepare financial statements . . . . *Second, Plaintiff sought the documents involving and identifying the internal controls at TurboDisc that either did not exist or which constituted internal control violations*

7

*which caused the accounting errors, and which necessitated the accounting adjustments . . .*

Pl. Br. at 6-7 (emphasis added).

Except to the extent they were created in connection with the Kaye Scholer/Jefferson Wells investigation, documents involving or identifying internal controls or internal control violations at TurboDisc simply were not among the documents requested in Document Requests 7-10, or in Lead Plaintiff's motion to compel.[2] Indeed, Defendants actually produced large volumes of these documents, as Magistrate Yanthis explicitly recognized in his decision:

> [D]efendants have already produced voluminous amounts of non-privileged accounting-related documents, including: documents prepared by Veeco's own financial professionals and internal and external auditors concerning TurboDisc's potentially improper accounting transactions; documents related to Veeco's internal audit of TurboDisc; *documents reflecting Veeco's own investigation into TurboDisc's financial controls and the accuracy of its financial statements*; and documents prepared by Veeco's financial professionals concerning the preparation of its financial restatement.

*See* Order at 3 (emphasis added).

In sum, the Court should reject Lead Plaintiff's transparent attempt to rewrite and expand the scope of its original motion to compel.[3]

---

[2] As noted above, Lead Plaintiff moved to compel production of documents in response to Document Request Nos. 7-10. Lead Plaintiff sought documents relating to these internal controls in another document request, No. 12, which was not a subject of Lead Plaintiff's original motion to compel. *See* Parker Decl. Ex. C (Plaintiff's First Request for the Production of Documents, dated Apr. 6, 2006) at 13 **REDACTED**

[3]

**REDACTED**

[Footnote continued on next page]

C.     **The Documents In Question Are Protected by the Work Product Doctrine**

     1.     **The Documents In Question Were Prepared in Anticipation of Litigation**

Having failed to convince Magistrate Yanthis that the Second Circuit's decision in *United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998) does not apply to this case, (*see* Plaintiff's Reply Brief, dated Aug. 28, 2006 ("Pl. Reply Br.") at 1-4), Lead Plaintiff now changes course on appeal, concedes that *Adlman* provides the controlling legal standard, and attempts to argue that Magistrate Yanthis misapplied that standard.

As Magistrate Yanthis correctly noted (*see* Order at 1-2), under *Adlman*, a document created for a dual purpose (i.e. a business purpose as well as a litigation purpose) is protected under the work product doctrine, so long as the document "would not have been prepared in substantially similar form but for the prospect of that litigation, it falls within Rule 26(b)(3)." 34 F.3d at 1195. As *Adlman* notes, a document "does not lose work-product protection merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation." *Id.* Indeed, "[t]he fact that a document's purpose is business-related appears irrelevant to the question whether it should be protected" by the work product doctrine. *Id.* at 1200. A fortiori, a document that is prepared in anticipation of litigation and simultaneously has a business purpose (such as helping figure out what should go into a curative restatement) is protected. *See Int'l Design Concepts v. Saks, Inc.*, 2006 U.S. Dist. LEXIS 36695 at *7-8 (S.D.N.Y., June 5, 2006) ("An

---

[Footnote continued from previous page]

**REDACTED**

9

attorney's confidential communication to the client concerning the magnitude of a litigation threat would not lose its protected status by reason of its inclusion in the overall mix of undisclosed information used by the client in setting a reserve or preparing a financial statement.").

The documents at issue in this motion are protected under *Adlman*'s dual purpose standard.

REDACTED

REDACTED

Lead Plaintiff provides no basis for challenging the Rein and Greiss sworn statements

REDACTED

The recent decision in *Allied Irish Banks v. Bank of America*, -- F. Supp. 2d --, 2007 WL

177870 (S.D.N.Y., Jan. 25, 2007), decided the day after Magistrate Yanthis's decision, does not

———————————————

4

REDACTED

[5] Lead Plaintiff suggests that the magistrate erred in "failing to consider whether there were any reasons other than litigation" for the creation of the documents. Pl. Br. at 3. This is simply false. Magistrate Yanthis explicitly found that Jefferson Wells work "was done *for the purpose of assisting Kaye Scholer in providing legal advice to Veeco regarding its financial statements, past and future disclosures* and possible litigation arising therefrom." Order at 2 (emphasis added). In any case, dual purpose documents are protected under *Adlman* and thus no such inquiry was required.

support Lead Plaintiff's position.[6]  Far from supporting that position, *Allied Irish Banks* in fact

provides a helpful illustration of the difference between dual purpose materials, such as the materials

at issue here, that would not have been prepared in substantially similar form but for the prospect of

litigation, and materials that would have been prepared irrespective of litigation.

Unlike this case, in *Allied Irish Banks*, the Magistrate found – based on ample evidence –

that materials relating to an investigation into a rogue trading scheme would have been created in

substantially similar form irrespective of litigation.  In that case it was clear that the investigation

would have been undertaken for "business-related purposes" and "public accountability concerns."

*Id.* at \*10.  First of all, unlike this case, a consulting firm directed the investigation with the lawyers

playing a supporting role.  *Id.* at \*3-6.  But, more importantly, Lead Plaintiff carefully omits from

its brief this crucial passage from *Allied Irish Banks*:

> Notably, AIB does not attempt to provide a witness to attest to the question of what
> AIB 'would have' done had there been no threat of litigation, although it is a point on
> which AIB potentially could offer testimony.  Nor has anyone from AIB
> affirmatively asserted that the Report and its underlying materials would not have
> been commissioned had there been no potential for litigation. These lacunae certainly
> militate against recognizing work product protection. . . . But there are good reasons
> why AIB apparently found itself unable to make these attestations.  All of the
> circumstances surrounding the creation of the Report point to the ineluctable
> conclusion that AIB would have prepared the Report . . . regardless of the potential
> for litigation.
>
> *Id.* at \*10.[7]

---

[6]  Contrary to Lead Plaintiff's assertion, (Pl. Br. at 15-16), the *Allied Irish Banks* court, and the
courts in the cases cited by the *Allied Irish Banks* court, engaged in exactly the same analysis
that Magistrate Yanthis engaged in here; specifically, they considered whether the documents
were created because of anticipated litigation, and whether the documents would have been
prepared in substantially similar form but for the prospect of that litigation.  *See* Order at 2.

[7]  The dicta in *Ramsey v. NYP Holdings, Inc.*, 2002 WL 1402055 (S.D.N.Y., June 27, 2002) upon
which Lead Plaintiff relies is similarly inapposite.  In that case, the court noted that the parents
of murder victim Jon Benet Ramsey, who had fallen under suspicion for the murder of their
daughter, would not be able to claim work product protection with respect to an investigation

[Footnote continued on next page]

**REDACTED**

Thus, Lead Plaintiff cannot avoid the simple fact that the materials at issue in this motion satisfy the requirements of *Adlman* and its progeny.

### 2. Magistrate Yanthis's Factual Determinations Are Entitled To Deference

Contrary to Lead Plaintiff's assertion (*see* Pl. Br. at 11-13), Magistrate Yanthis had ample evidence, which included the sworn statements of Mr. Rein and Mr. Greiss, to support his conclusion that the materials at issue here were prepared in anticipation of litigation, and would not have been prepared in substantially similar form but for the prospect of litigation. As Magistrate Yanthis recognized (*see* Order at 2-3), ' **REDACTED**

**REDACTED**

---

[Footnote continued from previous page]

into their daughter's death because, the magistrate found, they did not prove that they would not have undertaken the investigation if they hadn't faced the prospect of criminal prosecution; indeed they had claimed in media interviews that they undertook the investigation in order to discover who killed their daughter. *Id.* at *9-10. Notably, the court found that the Ramseys had entirely neglected to address the issue of whether they would have undertaken the investigation absent the prospect of prosecution, and "[t]hus, we have no meaningful evidence that if the Ramseys had not fallen under suspicion, they would refrained from causing the creation of any, some or all of the documents that they currently withhold on work-product grounds. This gap constitutes a failure of proof by the Ramseys, and would preclude us from ordering that any of these documents be withheld from production under Rule 26(b)(3) even if that rule could otherwise be invoked by Mr. and Mrs. Ramsey." *Id.* at *11. Again, as Magistrate Yanthis found, there is no similar failure of proof here. Order at 3.

13

REDACTED

REDACTED

---

8  Lead Plaintiff's observation that "[t]he proponent of a privilege does not discharge its burden
with conclusory or *ipse dixit* assertions," has little relevance to this motion.  Pl. Br. at 11.  In
contrast to *In re Grand Jury Subpoena*, 750 F.2d 223, 225 (2d Cir. 1984), a case cited by Lead
Plaintiff that concerned unsupported assertions proffered to establish a claim of scholarly
privilege, Defendants provided Lead Plaintiff a privilege log that satisfied the requirements of
Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2,

REDACTED                                                    . *See*
*Kiobel v. Royal Dutch Petroleum Co.*, 2005 U.S. Dist. LEXIS 16514, at *13 (S.D.N.Y. Aug. 11,
2005) ("If the assertions of privilege are challenged and the dispute cannot be resolved
informally, the withholding party then as to submit evidence, by way of affidavit, deposition
testimony or otherwise, establishing only the challenged elements of the applicable privilege or
protection"); *U.S. Info. Sys. v. IBEW Local Union No. 3*, 2002 U.S. Dist. LEXIS 17532, at *3-4
(S.D.N.Y. Sept. 17, 2002) (a privilege log providing the information required by Local Civil
Rule 26.2 is facially sufficient).

9

REDACTED

Quite simply, there was more than enough evidence to support Magistrate Yanthis's conclusions.[10]  And as long as a Magistrate's ruling "finds any reasonable support in the record," this Court should not overturn it.  *Cotz*, 2006 WL 2642190, at *1.

### 3.    Lead Plaintiff's Attempt To Impugn the Evidence that Magistrate Yanthis Relied On Is Scandalous and Illogical

Unable to overcome the weight of the evidence in its motion below, Lead Plaintiff offers on appeal the illogical and bizarre argument that Magistrate Yanthis was somehow fooled by false sworn statements from Mr. Rein and Mr. Greiss.

REDACTED

w

r

1

This argument fails as a matter of fact, as a matter of law, and as a matter of logic.  First,

REDACTED

---

[10]  Lead Plaintiff's reliance on *Harris v. Provident Life & Accident Ins. Co.*, 198 F.R.D. 26 (N.D.N.Y. 2000), in support of its assertion (at 13) that the Magistrate "erred in relying on boiler-plate declarations as the only basis for his ruling" is seriously misguided.  In *Harris*, the court overturned a Magistrate's decision that a plaintiff's attorney's "spare but uncontradicted affidavit establishe[d] a litigation purpose for obtaining the medical evaluations" at issue.  *Id.* at 30.  However, the affidavit was only two paragraphs and failed "to set forth any specifics concerning the months in which [the attorney] was retained or in which he recommended that [the plaintiff] consult specialists."  *Id.*  "It also fail[ed] to provide any indication of the instructions which may have been given to the doctors . . . concerning the purpose for their evaluations."  *Id.*  Further, plaintiff failed to submit an affidavit of her own "to flesh out the details concerning her consultation and retention of [her attorney] or his recommendation to consult specialists . . . ."  *Id.*  In other words, the facts in *Harris* are a far cry from those here,

REDACTED

16

**REDACTED**

REDACTED

C.

4.    **The Court Should Ignore Arguments that Lead Plaintiff Failed to Raise before Judge Yanthis**

In addition to expanding the scope of its original motion to compel, Lead Plaintiff improperly attempts to raise new arguments in this motion that it never raised with Magistrate Yanthis.  Novel arguments may not be raised for the first time in a Rule 72 motion.  *See Gen.*

*Motors Corp. v. Villa Marin Chevrolet, Inc.*, 240 F.Supp.2d 182, 184 (E.D.N.Y. 2002) (argument not addressed to magistrate is waived on appeal).

For example, Lead Plaintiff argues that the Kaye Scholer/Jefferson Wells materials cannot be protected work product because they were "[g]enerated for the [p]urpose of [c]omplying with [r]egulatory [r]equirements." Pl. Br. at 14.[11] Lead Plaintiff never made this argument to Magistrate Yanthis, and thus the argument has been waived.[12]

Similarly, Lead Plaintiff did not affirmatively seek *in camera* review below and they have therefore waived any argument that they are entitled to it. *See Gen. Motors Corp.*, 240 F.Supp.2d at 184. In footnote 1 of their Reply Brief, Lead Plaintiff noted that a magistrate can conduct such an inspection to redact any "legal analysis" to satisfy the requirements of the work product doctrine. Pl. Reply Br. at 2 n.1.[13] This wholly misapprehends the scope of the work product doctrine, which covers factual analysis, impressions of witnesses based on their recollections and consistency with other evidence, and matters far beyond "legal analysis." *See Upjohn Co. v. United States*, 449 U.S. 383, 399-400 (1980) (work product protection applies to notes and memoranda of witnesses' oral

---

[11] The only case cited by Lead Plaintiff in support of this proposition is *Goosman v. Pyle, Inc.*, 320 F.2d 45 (4th Cir. 1963). In *Goosman*, a 1963 case, the specific documents in question – reports relating to a car crash – were created pursuant to Interstate Commerce Commission regulations. The documents at issue here, on the other hand, were not made pursuant to any regulatory requirements.

[12] The Advisory Committee Notes to the 1970 Amendment to Rule 26(b)(3) (*see* Pl. Br. at 14) are entirely consistent with *Adlman* and do not support Lead Plaintiff's position.

**REDACTED**

[13] Other than this passing reference, Lead Plaintiff did not mention *in camera* review to Judge Yanthis, much less request it.

statements because such documents are "permeated" with the attorney's inferences); *S.E.C. v. Downe*, 1994 WL 23141, at *4 (S.D.N.Y., Jan. 27, 1994) (documents reflecting "an attorney's selection or narration of facts" are entitled to work product protection because they "tend[ ] to reveal [an attorney's] mental processes"). Thus, Lead Plaintiff's request for wholesale *in camera* review – as compared to their earlier request which was based on a patently incorrect standard – is improper and is waived. In any event, the law is clear that a magistrate need not conduct an *in camera* review in order to sustain claims of privilege, and it is not clear error not to do so. *See, e.g., Gucci America, Inc. v. Exclusive Imports Int'l*, 2002 WL 1870293, at *7 (S.D.N.Y. Aug. 13, 2002) (upholding Magistrate's privilege decision and observing that Magistrate was not obligated to conduct a hands-on review and that Magistrate acted "within his discretion in directing plaintiff's counsel to describe the content of those documents on record, and so ruling on that basis.").[14]

### D. The Magistrate's Ruling that Lead Plaintiff Failed to Demonstrate Substantial Need to Overcome the Work Product Privilege Was Not Clearly Erroneous

Lead Plaintiff's unsupported and boilerplate assertions of substantial need fall woefully short of the showing required to overcome the work product privilege, not to mention the showing required to establish that the Magistrate's conclusion was clearly erroneous. Not surprisingly, Lead Plaintiff fails to cite a single case in support of its position.

Here again, Lead Plaintiff simply recycles all of the arguments that Magistrate Yanthis rejected. Lead Plaintiff's contention that it is entitled to the Kaye Scholer/Jefferson Wells materials because "[i]dentifying the cause of the accounting errors goes to the heart of Veeco's defenses in this litigation" is untenable. Pl. Br. at 5. To the extent the Kaye Scholer/Jefferson Wells materials

---

[14] *In camera* review is not necessary or appropriate where, as here, the basis for the privilege may be determined without resort to the content of the document. *See Kahn v. Gen. Motors Corp.*, 1992 WL 28119, at *2 (S.D.N.Y., Feb. 11, 1992).

address that issue, they represent opinion work product, which is not discoverable upon a mere

showing of substantial need.  *See In re Grand Jury Proceedings*, 219 F.3d 175, 190 (2d Cir. 2000)

("As for work-product that shows 'mental impressions, conclusions, opinions, or legal theories of an

attorney,' . . . we have held that, 'at a minimum such material is to be protected unless a highly

persuasive showing [of need] is made.'"); *In re Circle K Corp.*, 1997 U.S. Dist. LEXIS 713, at *20

(S.D.N.Y., Jan. 28, 1997) (citing *In re Sealed Case*, 676 F.2d 793, 809-10 (D.C. Cir. 1982)); *People

v. Marin*, 86 A.D.2d 40, 46 (App. Div. 1982).[15]

Even if the materials in question were exclusively fact work product, Lead Plaintiff would

still fail to meet its burden.  In order to obtain discovery of so-called ordinary, or non-core, work

product, the requesting party must demonstrate both: 1) a substantial need for the information; and

2) an inability to obtain substantially equivalent information through alternative means without

undue hardship.  *See* Fed. R. Civ. P. 26(b)(3).  The information that Lead Plaintiff claims is essential

to its case – *i.e.*, "evidence concerning the nature and extent of the absence of, deficiencies in and

violations of internal controls that gave rise to the errors and how those documents relate to

Defendants' scienter, including such matters as Defendants' knowledge of the deficiencies in

TurboDisc's accounting system" (Pl. Br. at 20) – is readily available to Lead Plaintiff in both the

hundreds of thousands of pages of documents already produced to Lead Plaintiff in this litigation

and by way of deposition testimony.[16]  *See A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 U.S. Dist.

LEXIS 20107, at *23  (S.D.N.Y., Oct. 18, 2002) (no substantial need where information in the

---

15

## REDACTED

[16]  *See, e.g.*, Wallin Decl. Ex. C (Objections and Responses by Defendant Veeco Instruments Inc.
to Lead Plaintiff's First Set of Interrogatories, dated Sept. 5, 2006) at 3-4 and Exhibit A
attached thereto.

withheld documents was "either contained in other documents produced to plaintiffs or was produced by plaintiffs themselves").                    **REDACTED**

ᴐf

**REDACTED**

"substantial need." *See Carter v. Cornell Univ.*, 173 F.R.D. 92, 95-96 (S.D.N.Y. 1997).

REDACTED

ʟ

ɩ                    ;. Ordering production of attorney work product where the relevant witnesses are

available for deposition is exceedingly unusual. *See A.I.A. Holdings*, 2002 U.S. Dist. LEXIS 20107,

at *27 (finding that a witness's availability for deposition defeats a claim of substantial need for

work product); *Tribune Co. v. Purcigliotti*, 1998 WL 175933, at *4 (S.D.N.Y. April 14, 1998) (work

product protection cannot be overcome "where persons with equivalent information are available for

deposition"). Such orders are reserved almost exclusively for those rare instances where, on account

of illness or the passage of time, the relevant witnesses have virtually no recollection of the issues in

question. *See Tribune Co. v. Purcigliotti*, 1997 WL 10924, at *4 (S.D.N.Y., Jan. 10, 1997) (Katz,

Mag.), *modified by*, 1998 WL 175933 ("Ordinarily, there is no substantial need where the

information can be obtained by deposing witnesses, unless the witnesses are no longer available or

are unable to recollect the information sought."). Here, the required showing of "substantial need" is

not met because Lead Plaintiff can gather the requested information through depositions and

documents, and there is no suggestion that witness availability or recollection would be at issue.

### E. Defendants Maintain That These Materials Are Protected By The Attorney-Client Privilege

Finally, Defendants maintain that these materials are protected by the attorney-client

privilege as well as the work product doctrine. As Magistrate Yanthis did not address the

---

17  *See* Rein Aff. ¶ 12 ("Attached to the report as an annex [were]… several interview memos that served as support for the special investigative report."); Greiss Decl. ¶ 8 ("The Kaye Scholer Report, *the memoranda relating to interview which I attended and participated in*, as well as the Jefferson Wells work papers relating to the investigation I directed, contain or reflect my mental impressions.") (emphasis added).

applicability of the attorney-client privilege, if this Court should decide that work product protection is not available here, Defendants respectfully submit that this issue should be remanded to the Magistrate for a determination of that issue.

## CONCLUSION

For all these reasons, defendants Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr. and John P. Kiernan respectfully request that this Court deny Lead Plaintiff's motion to vacate and reverse the discovery order of Magistrate Judge George A. Yanthis signed January 24, 2007.

Dated:   New York, New York
         February 21, 2007

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By:  _____
                                             John A. Herfort (JH-1460)
                                             Robert F. Serio (RS-2479)
                                             J. Ross Wallin (JW-3911)

                                        200 Park Avenue
                                        New York, New York 10166-0193
                                        Phone: (212) 351-4000
                                        Fax: (212) 351-4035

                                        *Attorneys for Defendants Veeco*
                                        *Instruments Inc., Edward H. Braun,*
                                        *John F. Rein, Jr., John P. Kiernan*

100164670_9.DOC

24